National Doll Outfit & Infants' Wear Co., Inc., Respondent, *v.* Sigmund Herbert, Appellant.

(Supreme Court, Appellate Term, First Department, November Term — Filed December, 1921.)

Corporations — directors — when not individually liable for debt of corporation — Stock Corporation Law, § 20, as amended by Laws of 1920, chap. 606, restricted to corporations with stock of no par value.

> Section 20 of the Stock Corporation Law making directors jointly and individually liable for a violation of its provisions, as amended by chapter 606 of the Laws of 1920, applies only to corporations which have no fixed or par value to the shares of stock issued by them.

> Where a judgment is obtained against a stock corporation for goods sold and the judgment creditor brings an action against one of the directors of the judgment debtor, who was also its treasurer, upon the ground that the corporation had begun business without having paid in its capital stock, section 20 of the Stock Corporation Law, as amended, has no application to the facts, and the action having been tried solely for the violation of the statute, the judgment rendered in favor of plaintiff will be reversed and a new trial ordered.

Appeal by defendant from a judgment in favor of plaintiff after a trial before the court without a jury,

Appellate Term, First Department, December, 1921. [Vol. 117.

entered in the Municipal Court of the city of New York, borough of Manhattan, second district.

Grossfield Bros. (Louis I. Grossfield, of counsel), for appellant.

Eugene I. Yuells, for respondent.

WHITAKER, J. Action brought by a judgment-creditor of a domestic corporation against one of its directors to recover a debt due from the corporation.

The National Doll Outfit & Infants' Wear Co., Inc., sold to the International Doll Corporation merchandise.

The defendant was a director and treasurer of the International Doll Corporation. Plaintiff sued the Doll Corporation, procured judgment, issued execution thereon which was returned unsatisfied.

Plaintiff thereupon sued the defendant Herbert, claiming that under the corporation laws the defendant was liable for the debt upon the ground that the Doll Corporation had begun business without having paid in the capital stock.

Plaintiff bases his action on section 34 of the General Corporation Law, section 3 of the Business Corporations Law, and sections 19 and 20 of the Stock Corporation Law. Section 34 of the General Corporation Law provides the methods of incorporation, and that the corporation shall be governed by a board of directors. Section 3 of the Business Corporations Law provides: " No such corporation shall incur any debts until the amount of capital specified in its certificate of incorporation, as the amount of capital with which it will begin business, shall have been paid in in money or property."

When the evidence establishes that the Doll Corporation violated these provisions of the statute, and

presumably with the knowledge of defendant, there is nothing in the provisions of the statutes above referred to which makes the defendant individually liable. Section 19 of the Stock Corporation Law provides that the certificates of incorporation of certain corporations may provide for the issuance of the shares of common stock of such corporations without any normal or par value by making certain statements, etc.

Section 20, under the provisions of which the plaintiff claims the judgment should be sustained, had in our opinion no application to the facts alleged in the complaint and proved upon the trial. This section originally provided, as is correctly quoted by the defendant, that " No corporation formed pursuant to section nineteen hereof shall begin to carry on business or shall incur any debts until the amount of capital stated in its certificate of incorporation shall have been fully paid in money or in property taken at its actual value."

Then follows the provision which makes the directors jointly and individually liable for violation. In 1920, by chapter 606, this section was amended in such a way as to clearly demonstrate that it only has application to corporations which have no fixed or par value to the shares of stock issued by them. This amendment provides: " No corporation *authorized to issue shares without nominal or par value shall,* * * *," etc.

The plaintiff in his brief seeks to sustain the judgment upon the ground of fraud. Even if there was sufficient evidence to sustain fraud, I think the pleadings disclose that the action was based upon the violation of the statute, and that the court and counsel tried the case solely upon the theory, and that a jury having been impanelled the defendant waived a

Appellate Term, First Department, December, 1921.  [Vol. 117.

jury trial because it was understood by court and counsel that the cause would be tried solely for violation of the statute and not for fraud.

The judgment is reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

Lehman and Delehanty, JJ., concur.

Judgment reversed.